**MU JUAN CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 08–5263–ag.

United States Court of Appeals, Second Circuit.

Nov. 6, 2009.

Thomas D. Barra, New York, New York, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Jennifer Paisner Williams, Senior Litigation Counsel; Margaret Kuehne Taylor, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Mu Juan Chen, a native and citizen of the People's Republic of China, seeks review of a September 30, 2008 order of the BIA affirming the July 23, 2007 order of an immigration judge ("IJ") denying her motion to reopen. *In re Mu Juan Chen*, No. A077 650 589 (B.I.A. Sept. 30, 2008), *aff'g* No. A077 650 589 (Immig.Ct.N.Y. July 23, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008).

We find that the agency did not abuse its discretion in denying Chen's untimely

motion to reopen because it reasonably found that she failed to submit sufficient evidence of changed circumstances in China. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *see Wei Guang Wang v. B.I.A.,* 437 F.3d 270, 273 (2d Cir.2006) (finding that the birth of children in the United States was a change in personal circumstances, and not changed circumstances under the regulations); *Jian Hui Shao,* 546 F.3d at 169. While Chen argues that the Aird affidavit supports her contention that conditions in China have changed, we have found that "the Aird Affidavits are inadequate to establish the existence of an official policy of forced sterilization and thus insufficient to show that the applicants were likely to face forced sterilization if returned to China." *See Jian Hui Shao,* 546 F.3d at 164 (quoting *Jin Xiu Chen v. U.S. Dep't of Justice,* 468 F.3d 109, 110 (2d Cir.2006) (internal quotations omitted)). Thus, we cannot find that the BIA abused its discretion in denying Chen's motion to reopen. *See Wei Guang Wang,* 437 F.3d at 273; *Jian Hui Shao,* 546 F.3d at 169.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).